# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL<br><br>Debtors<br><br>MARC J. ROWAN, DAVID B. SAMBUR, DAVID BONDERMAN, KELVIN DAVIS, GARY LOVEMAN, AND ERIC HESSION,<br><br>Petitioners,<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF SECOND PRIORITY NOTEHOLDERS,<br><br>Respondent. | Case No. 16-9059<br><br>Judge Robert M. Dow, Jr. |

## NOTICE OF MOTION

TO: SERVICE LIST

PLEASE TAKE NOTICE that on Tuesday September 27, 2016 at 9:15 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Robert M. Dow, Jr., United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, and then and there present *MOTION FOR TRANSFER AND REASSIGNMENT OF RELATED CASE PURSUANT TO LOCAL RULE 40.4* copies of which are attached hereto and are hereby served upon you.

Dated: September 21, 2016                                    Respectfully submitted,

s/ *Morgan R. Hirst*
Morgan R. Hirst
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
Telephone:    (312)782-3939
Facsimile:    (312) 782-8585

Bruce Bennett
James O. Johnston
Sidney P. Levinson
Joshua M. Mester
*(pro hac vice motions to be filed)*
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539
*Counsel for the Official Committee of Second Priority Noteholders*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 21st day of September.

By: /s/ Morgan R. Hirst

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL<br><br>Debtors<br><br>MARC J. ROWAN, DAVID B. SAMBUR, DAVID BONDERMAN, KELVIN DAVIS, GARY LOVEMAN, AND ERIC HESSION,<br><br>Petitioners,<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF SECOND PRIORITY NOTEHOLDERS,<br><br>Respondent. | Case No. 16-9059<br><br>Judge Robert M. Dow, Jr. |

## MOTION FOR TRANSFER AND REASSIGNMENT OF RELATED CASE PURSUANT TO LOCAL RULE 40.4

Respondent, the Official Committee of Second Priority Noteholders ("Noteholder Committee"), pursuant to Local Rule 40.4, moves for transfer and reassignment to this Court of a related case (Case No. 16-9097) recently filed in this district. In support of its Motion, the Noteholder Committee states as follows:

1. The instant action stems out of the chapter 11 bankruptcy case of Caesars Entertainment Operating Company, which is currently pending before Judge Goldgar in the United States Bankruptcy Court for this district. The Petitioners, six prominent insiders of the Debtors, ask this Court to issue a writ of mandamus "vacating" a discovery order of the Bankruptcy Court presiding over the Debtors' bankruptcy. In that discovery order, the Bankruptcy Court granted the Noteholder Committee's motion to compel production of financial

information in response to subpoenas issued to the Petitioners by the Noteholder Committee, overruling the Petitioners' objections that the information sought was irrelevant to the bankruptcy proceeding. The Bankruptcy Court's discovery order, made orally on the record, came after full briefing and oral argument on the motion to compel. (*See* Transcript of Proceedings, Bankr. Case No. 15-01145, Sept. 14, 2016, attached as Exhibit 1.)

2. After filing their mandamus petition before this Court, the Petitioners *also* filed a notice of appeal and a motion seeking leave to appeal that *same discovery order* pursuant to Bankruptcy Rules 8003 and 8004. Petitioners' appeal, if leave is granted to pursue it, seeks the *exact same relief* as that sought in the instant action – the vacating of the Bankruptcy Court's discovery order, albeit through a different procedural mechanism. That appeal was docketed in this Court as a separate action, after the docketing of the instant case (Case no. 16-9097) and has been assigned to Judge Shah. (*See* Motion for Leave to Appeal, Case No. 16-9097, attached as Exhibit 2.)

3. These two cases clearly should be assigned to and heard by the same judge. They relate to the same discovery order of the Bankruptcy Court, and Petitioners seek the same relief in each. Accordingly, the Noteholder Committee requests the transfer and reassignment of Case No. 16-9097 to this Court.

4. Local Rule 40.4 is the method by which a transfer and reassignment may be ordered. *See* N.D. Ill. L.R. 40.1(d). Motions to reassign are to "be filed in the lowest number

case of the claimed related set and noticed before the judge assigned to it." N.D. Ill. L.R. 40.4(c).[1] Here, this Court is presiding over the lower assigned case number (Case No. 16-9059).

5. Where the judge hearing the motion "finds that the cases are related and that reassignment should take place, a copy of that finding will be forwarded to the Executive Committee together with a request that the Committee reassign the higher-numbered case or cases." N.D. Ill. L.R. 40.4(d).

6. Pursuant to L.R. 40.4(a), cases are "related" if they involve the same property; some of the same issues of fact or law; grow out of the same transaction or occurrence; or involve class action suits in which one or more of the classes involved in the cases are the same. N.D. Ill. L.R. 40.4(a).

7. These two actions could not be more closely "related." They both involve the same parties and the same requested relief (reversal of the exact same discovery order of the Bankruptcy Court), just by different mechanisms – one through an interlocutory appeal of that order and one through a writ of mandamus.

8. Upon determination that two cases are related, the Court then decides whether reassignment can be ordered. Reassignment is proper if the following criteria is met:

> (1) both cases are pending in this Court;
>
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

---

[1] While the local rules provide that motions for reassignment under Local Rule 40.4 "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved," in order to ensure "all parties to a proceeding be permitted to respond," Respondent, as the answering party, has filed this motion so that a single judge may be assigned as quickly as possible.

- 3 -
NAI-1502093240v1

(4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b).

9. All of the criteria of Local Rule 40.4(b) are easily satisfied. Both matters are pending in the Northern District of Illinois. The single disposition of both matters will unquestionably save judicial resources. There would be no delay by transfer and reassignment, as both matters were filed in the past 24 hours. And the cases are not only susceptible to disposition in a single proceeding, but should be handled in one proceeding to avoid the possibility of inconsistent results.

10. Accordingly, the petition for leave to appeal (Case No. 16-9097), with the higher assigned case number, should be transferred to this Court as the tribunal presiding over the lower assigned case number (Case No. 16-9059).

WHEREFORE, Respondent, the Official Committee of Second Priority Noteholders respectfully requests that its Motion be granted, and this Court enter an order finding that the transfer and reassignment of Petitioners' Motion for Leave to Appeal (case no. 16-9097) to this Court for disposition is appropriate and requesting the Executive Committee reassign case no. 16-9097 to this Court.

- 4 -
NAI-1502093240v1

Dated: September 21, 2016

Respectfully submitted,

s/ *Morgan R. Hirst*
Morgan R. Hirst
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
Telephone:	(312)782-3939
Facsimile:	(312) 782-8585

Bruce Bennett
James O. Johnston
Sidney P. Levinson
Joshua M. Mester
(*pro hac vice motions to be filed*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:	(213) 489-3939
Facsimile:	(213) 243-2539
*Counsel for the Official Committee of Second Priority Noteholders*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 21st day of September.

By: <u>*/s/* Morgan R. Hirst</u>

NAI-1502093240v1