Nos. 1:16-cv-09059, 1:16-cv-09097

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL.,
*Debtors.*

MARC J. ROWAN, DAVID B. SAMBUR, DAVID BONDERMAN, KELVIN DAVIS, GARY LOVEMAN AND ERIC HESSION,
*Movants.*

*Appeal from the United States Bankruptcy Court for the Northern District of Illinois (Case No. 15-01145) (Goldgar, J.) and Mandamus Petition Pending in the United States District Court for the Northern District of Illinois (Case No. 1:16-cv-09059)*

**EMERGENCY MOTION TO EXPEDITE**

| | | |
|---|---|---|
| Richard Lauter | Steven M. Pesner | Marc Wolinsky |
| LEWIS BRISBOIS | Abid Qureshi | Martin J.E. Arms |
| BISGAARD & SMITH LLP | Joseph L. Sorkin | Emil A. Kleinhaus |
| 550 West Adams Street | AKIN, GUMP, STRAUSS, | WACHTELL, LIPTON, ROSEN |
| Suite 300 | HAUER & FELD LLP* | & KATZ* |
| Chicago, IL 60661 | One Bryant Park | 51 West 52nd Street |
| Tel: (312) 463-3437 | New York, NY 10036-6745 | New York, NY 10019-6150 |
| | Tel: (212) 872-1070 | Tel: (212) 403-1000 |

| | | | |
|---|---|---|---|
| Marc E. Kasowitz* | David A. Agay | Richard M. Strassberg | Michael A. Pope |
| David S. Rosner* | MCDONALD | Daniel P. Roeser | J. Christian Nemeth |
| Joshua Greenblatt | HOPKINS LLC | GOODWIN | Timothy W. Walsh |
| Daniel A. Fliman | 300 North LaSalle, | PROCTER LLP | Monica S. Asher |
| Edward E. Filusch | Suite 2100 | The New York Times | MCDERMOTT |
| KASOWITZ | Chicago, IL 60654 | Building | WILL & EMERY |
| BENSON TORRES & | Tel: (312) 280-0111 | 620 Eighth Avenue | LLP* |
| FRIEDMAN LLP | | New York, NY 10018 | 227 W. Monroe St. |
| 1633 Broadway | | Tel: (212) 813-8800 | Chicago, IL 60606 |
| New York, NY 10019 | | | Tel: (312) 372-2000 |
| Tel: (212) 506-1700 | | | |

*Counsel for Movants*

\* *Pro hac vice motions pending or to be filed*

Movants Marc J. Rowan and David B. Sambur (the "Apollo Individuals"), David Bonderman and Kelvin Davis (the "TPG Individuals," together with the Apollo Individuals, the "Sponsor Individuals"), and Gary Loveman and Eric Hession (together with the Sponsor Individuals, the "Individuals") respectfully request, pursuant to Federal Rule of Bankruptcy Procedure 8013(a)(2)(B), that the Court expedite these proceedings, including: (1) the Individuals' motion for leave to appeal[1] from the *Order Granting in Part Official Committee of Second Priority Noteholders' Amended Motion to Compel Respondents to Produce Documents and Information in Response to Subpoenas* [Docket No. 4925] (the "Order"),[2] entered on September 14, 2016 by the Bankruptcy Court (the "Motion for Leave"); (2) the Individuals' contemporaneously-filed emergency motion for stay pending appeal (the "Emergency Motion for Stay"); (3) the Individuals' petition for a writ of mandamus[3] seeking relief from the Order (the "Petition," and with the Stay Motion and the Motion for Leave, the "Motions"); and (4) the appeal of the Order (the "Appeal"). The Individuals have separately moved for an emergency

---

[1] The appeal and motion for leave to appeal were noticed in the Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") on September 19, 2016 [Docket Nos. 5020, 5020-3]. The appeal and motion for leave were transferred to the District Court on September 20, 2016. *See Rowan, et al. v. Caesars Entertainment Operating Company, Inc., et al.*, Case No. 1:16-cv-09097 (N.D. Ill.) (MSS) [Docket No. 1].

[2] The Order is attached as Exhibit 1 to the September 22, 2016 *Declaration of Edward E. Filusch in Support of Emergency Motions to Expedite and for a Stay Pending Appeal*, filed herewith ("Filusch Decl."). References to "Ex." herein refer to exhibits to the Filusch Decl. Unless otherwise indicated, citations to docket entries are to the docket in *In re Caesars Entertainment Operating Co., Inc.*, Case No. 15-01145 (Bankr. N.D. Ill.) (the "Bankruptcy Case").

[3] The Petition for Writ of Mandamus was filed in the District Court on September 19, 2016 in *Rowan, et al. v. The United States Bankruptcy Court for the Northern District of Illinois, Eastern Division*, Case No. 1:16-cv-09059 [Docket No. 1].

hearing seeking, among other things, a temporary stay pending briefing and adjudication of the Emergency Motion for a Stay.

**INTRODUCTION**

By this emergency motion, the Individuals seek expedited consideration of the Motions and the Appeal because of the immediate and irreparable harm they would suffer in the event compliance with the Bankruptcy Court Order continues to be necessary. As it currently stands, the Motions and Appeal will be moot by Wednesday, September 28, 2016, as the Order must be complied with in full by that quickly-approaching date.

The Individuals are seeking this emergency relief because the Bankruptcy Court has ordered them to produce highly confidential, sensitive personal financial information – including the Individuals' tax returns and detailed records relating to their income, net worth, personal assets, bank statements, trust interests, and real estate interests – and has denied the Individuals' emergency motion for a stay pending appeal. (*See* Ex. 5 [Docket No. 5051]). As shown in the Motions, the Order should be vacated, as it compels production of highly sensitive personal information that has no relevance to any contested issue before the Bankruptcy Court on confirmation of the Debtors' plan of reorganization. Absent a stay, or an agreement with the creditors that served the subpoenas, production of this highly sensitive information must be complete in less than a week, on September 28, 2016. The Individuals are ready to present these issues on an urgent basis.

The relief sought in the instant emergency motion to expedite is necessary to avoid irreparable harm to the Individuals. If the Bankruptcy Court Order is permitted to stand, the Individuals will be forced to continue to produce highly sensitive personal financial information

to hundreds, if not thousands, of lawyers and advisors, some of whom are adverse to the Individuals in other cases or business situations.

For these reasons, given the importance of the issues presented in the Motions and on the Appeal, and considering the lack of prejudice to the Appellees, the Individuals respectfully request entry of an expedited briefing schedule pursuant to Federal Rules of Bankruptcy Procedure 8028 and 9006 that ensures a decision on the Motions and the Appeal on an expedited basis. Specifically, provided that the Court grants a temporary stay of the Bankruptcy Court Order until the Emergency Motion for Stay is briefed and decided, the Individuals propose the following expedited schedules:

Motion for Stay Pending Appeal
- Opening brief filed Thursday, September 22
- Opposition brief due Wednesday, September 28
- Reply brief due Friday, September 30

Motion for Leave to Appeal (currently on file)
- Opposition brief due Wednesday, September 28
- Reply brief due Friday, September 30

Petition for Writ of Mandamus (currently on file)
- Opposition brief due Friday, September 30
- Reply brief due Friday, October 7

Appeal (on merits of Bankruptcy Court Order)
- Appellants' brief due Friday, September 30
- Appellee brief due Friday, October 7
- Reply brief due Thursday, October 13

## **ARGUMENT**

Where a movant will face irreparable harm without expedited consideration of its appeal, the Court may expedite the appeal. *See* Fed. R. Bankr. P. 8013(a)(2)(B); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 135 B.R. 456, 458 (S.D.N.Y. 1992)

("potential irreparable harm absent expedited treatment . . . justifies expediting an appeal under Bankruptcy Rule [8013]").

Compliance with the Order will cause irreparable harm to the Individuals. As the Bankruptcy Court recognized at the hearing on September 14, once the Individuals are required to comply with the subpoenas and produce personal and private information, "the cat is sort out of bag, and why are we even prosecuting the appeal." (Ex. 2, at 36:1-3 (Sept. 14 Tr.)). Consistent with that observation, courts in various contexts have recognized that compulsory disclosure of sensitive information amounts to irreparable harm.[4] The disclosure of sensitive financial information in particular can cause irreparable harm. *See, e.g.*, *Purdy* v. *Burlington N. & Santa Fe Ry. Co.*, 2000 WL 34251818, at *5 (D. Minn. Mar. 28, 2000) (threat of disclosure of both salary information and social security numbers constituted irreparable harm); *N.Y. Republican State Comm. v. Moore*, 1989 WL 124206, at *3 (N.D.N.Y. Oct. 11, 1989) (compliance with financial disclosure requirements in Ethics in Government Act would constitute irreparable harm in the context of a privacy challenge to the Act).

Contrary to the Bankruptcy Court's conclusion, (*see* Ex. 13, at 37:17-19; (Sept. 21 Tr.); Ex. 2, at 33:6-11 (Sept. 14 Tr.)), the fact that there is protective order does not eliminate the harm to the Individuals. Under paragraph 10 of the governing protective order, documents that

---

[4] *See, e.g.*, *In re Roman Catholic Diocese of Albany, N.Y.*, 745 F.3d 30, 35-36 (2d Cir. 2014) (discovery of invasive personal information threatened irreparable harm warranting mandamus); 139 F. App'x 658, 662-63 (6th Cir. 2005) (unpublished) (staying discovery pending appeal on ground that disclosure of privileged information would constitute irreparable harm); *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998) ("Disclosure [of privileged material] followed by appeal after final judgment is obviously not adequate . . . the cat is out of the bag."); *United States v. Dorfman*, 690 F.2d 1230, 1232 (7th Cir. 1982) (order unsealing wiretap materials was immediately appealable in part because the privacy interests protected by the sealing order "would be gone forever" following disclosure).

are marked "Advisors' Eyes Only" – the most restrictive category – may be shared with counsel and other advisors for parties to the Bankruptcy Case. (Ex. 4, at ¶¶ 9-10 [Docket No. 1575-1]). Thus, far from remedying the irreparable harm, the protective order will only limit — to a very large number — the people who will have access to the most private financial information the Individuals possess; the harm from the disclosure of this information to litigation adversaries with no right to the information remains. Moreover, as the Bankruptcy Court observed on another occasion when material subject to a protective order was involved, once it comes to trial, "I'm not going to clear the courtroom and shut off the telephone connection for this." (Ex. 3, at 25:7-9 (Aug. 17 Tr.)). In this context, therefore, the concerns about disclosure are quite real and failure to expedite would invite significant, irreversible harm.

The Bankruptcy Court's conclusion that the Committee would be prejudiced by a deferral of production, because it needs the information being sought to prepare for the confirmation hearing, does not withstand scrutiny. (Ex. 13, at 38:9-20 (Sept. 21 Tr.)) Under the scheduling order governing the Debtors' plan, the confirmation hearing is scheduled to begin on January 17, 2017 — four months from now. (Ex. 12, at ¶ 24 [Docket No. 4151]).[5] The Committee, which has more than 60 lawyers working on this case, will not be prejudiced if the production required by the Order is deferred pending an expedited appeal.

The Bankruptcy Court granted unprecedented relief to the Committee. We are not aware of any other case – and the Committee cited none – in which individuals have been required to

---

5    Given statements made at yesterday's hearing before the Bankruptcy Court, it appears unlikely that there will *ever* be any need for the extremely intrusive discovery being sought. The Debtors announced that, within several days, they expect to have a "global consensus" on a plan or to file a "new amended plan with different terms." (Ex. 13, at 5:8-16 (Sept. 21 Tr.))

produce tax returns and bank statements, along with similar information, prior to judgment and in a situation where a bankruptcy settlement is not predicated on *any* collectability risk.

The import of the Bankruptcy Court's ruling in this case is that directors and officers of a debtor corporation, as well as other individuals who receive releases under a plan, are subject to broad and intrusive discovery into their highly sensitive and confidential personal financial information when there are only unproven allegations of fiduciary or other liability. The public has an interest in having an appellate court determine whether personal financial information (including tax returns) is subject to such extraordinarily intrusive discovery in a context, such as this one, where the collectability of a judgment has not even been put at issue.[6]

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Individuals' emergency motion for expedited consideration of their Motions and for expedited consideration of the Appeal.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[6] In the case of tax returns in particular, "the public interest in encouraging the filing by taxpayers of complete and accurate returns" weighs against ordering their production. *Dunkin' Donuts Franchised Restaurants LLC v. Grand Cent. Donuts, Inc.*, 2009 WL 973363, at *2 (E.D.N.Y. Apr. 9, 2009) (emphasis added).

Dated: September 22, 2016
　　　　Chicago, Illinois

Respectfully submitted,

| MCDONALD HOPKINS LLC | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| By: */s/* David A Agay<br>　　　David A. Agay | By: */s/* Richard Lauter<br>　　　Richard Lauter |
| 300 North LaSalle, Suite 2100<br>Chicago, Illinois 60654<br>(312) 280-0111 | 550 West Adams Street<br>Suite 300<br>Chicago, Illinois 60661<br>(312) 463-3437 |

| KASOWITZ BENSON TORRES & FRIEDMAN LLP | WACHTELL, LIPTON, ROSEN & KATZ |
|---|---|
| Marc E. Kasowitz (*pro hac* to be filed)<br>David S. Rosner (*pro hac* to be filed)<br>Joshua Greenblatt (*pro hac vice*)<br>Daniel A. Fliman (*pro hac vice*)<br>Edward E. Filusch (*pro hac vice*) | Marc Wolinsky (*pro hac* filed)<br>Martin J.E. Arms (*pro hac* filed)<br>Emil A. Kleinhaus (*pro hac* filed) |
| 1633 Broadway<br>New York, New York 10019<br>(212) 506-1700 | 51 West 52nd Street<br>New York, New York 10019-6150<br>(212) 403-1000 |

*Attorneys for David Bonderman and Kelvin Davis*

AKIN, GUMP, STRAUSS, HAUER & FELD LLP

GOODWIN PROCTER LLP

　　　Steven M. Pesner (*pro hac* filed)
　　　Abid Qureshi (*pro hac* filed)
　　　Joseph L. Sorkin (*pro hac* filed)

　　　Richard M. Strassberg
　　　Daniel P. Roeser

One Bryant Park
New York, New York 10036-6745
(212) 872-1070

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800

*Attorneys for Marc J. Rowan and David B. Sambur*

*Attorneys for Gary Loveman*

MCDERMOTT WILL & EMERY LLP

By:    */s/* J. Christian Nemeth
       Michael A. Pope
       J. Christian Nemeth

227 W. Monroe St.
Chicago, IL 60606
(312) 372-2000

    Timothy W. Walsh (*pro hac* to be filed)
    Monica S. Asher (*pro hac* to be filed)

340 Madison Avenue
New York, NY 10173-1922
(212) 547-5400

*Attorneys for Eric Hession*